BOWMAN-KRANZ LUMBER COMPANY, APPELLEE, v. BENJAMIN F. BUSH, RECEIVER, APPELLANT.[*]

FILED JANUARY 31, 1920.   No. 20690.

Carriers: NEGLIGENCE: DAMAGES. The provision in the uniform bill of lading in respect of an interstate shipment that the amount of loss or damage for which the carrier shall be liable in case of loss shall be computed as of the value represented by the *bona fide* invoice price, if any, at the place and time of shipment, including the freight charges if prepaid, is not a limitation of the carrier's liability for negligence.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed on condition.*

*J. A. C. Kennedy* and *Philip Horan*, for appellant.

*Leslie H. Kranz* and *D. H. Sheehan*, contra.

DEAN, J.

Plaintiff recovered a judgment for $162.94 for the conversion of a car of coal purchased at Paris, Arkansas, and consigned to Omaha, Nebraska, where upon ar-

------

[*]March 13, 1920, no remittitur having been filed, the case was reversed and remanded.

rival, the shipment was inadvertently delivered by defendant to a company other than the consignee. The district court held that the value at destination should determine the measure of damages and judgment was rendered accordingly. The defendant appealed.

The case is submitted on an agreed statement of facts. The sole question to be determined is whether the value at the place of shipment or at the place of destination should govern in computation of damages. We conclude that under the facts here presented and the authorities the former should govern.

Defendant relies upon the uniform bill of lading to sustain its contention, which among other provisions, contains this: "The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper or has been agreed upon, or is determined by the classification or tariffs upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence."

Plaintiff argues that the provision in question is an attempt to limit the liability of the carrier for negligence, and that it is therefore void under the Cummins amendment to the interstate commerce act. 8 U. S. Comp. St. 1916, sec. 8604*a*. The recent decisions seem to hold otherwise. This provision has been construed and held by the interstate commerce commission and by the federal and state courts to be a reasonable rule by which to determine the value of a shipment in case of loss, and that it is not a limitation of the carrier's liability for negligence. *Shaffer & Co. v. Chicago, R. I. & P. R. Co.*, 21 I. C. C. 8; *Springfield Light, Heat & Power Co. v. Norfolk & W. R. Co.*, 260 Fed. 254; *Wallingford v. Atchison*,

*T. & S. F. R. Co.*, 101 Kan. 544, L. R. A. 1918B, 716.
Under the Cummins amendment it has been upheld. *In
re Cummins Amendment*, 33 I. C. C. 682, at p. 693. Some
of the authorities point out that the rule is salutary, in
that the invoice value of the shipment, with freight added
where it has been prepaid, can be readily ascertained, and
that prompt settlement can be made by the parties with-
out resort to tedious and expensive litigation.

At the trial it was agreed that the value at the point
of shipment was $90.90, which with accrued interest to
the date of filing the answer was $95.41, when defendant
offered to confess judgment for that amount. The judg-
ment is therefore affirmed, upon condition that plaintiff
within ten days remit all in excess of $90.90, with inter-
est at 7 per cent. from date of shipment to date of offer
to confess judgment. The costs in district court and in
this court subsequent to the offer to confess judgment
are to be paid by plaintiff.

AFFIRMED ON CONDITION.