SOLOMON UNRUH vs. WILLIAM TAYLOR.

*Construction of Written Contract—Evidence—Damage.*

1. In an action for damages for the breach of a contract which provided that defendant should have the use of a sawmill, owned by plaintiff, free of charge, and that after thirty days' trial defendant should have the privilege of buying the same, if it should prove to be in good order and satisfactory, but if he should not buy he should put the sawmill back where he found it, in good order, according to the terms of said contract ; the law implies a covenant by the defendant that he would use reasonable care in the use and preservation of the mill until it should be returned to the plaintiff.

2. In order that an extension of time for the return of the mill may avail the defendant, it must appear that the agreement for such extension was actually made by the parties after the execution of written agreement; that it was made upon a new and valid consideration not set forth in said written agreement, and that it rescinded the covenant of the said written agreement as to the return of the sawmill, and in lieu thereof substituted a new and different provision.

3. In such a case the damage to be recovered must be shown with reasonable certainty, and not left to speculation or conjecture. The measure of damage is the difference between the value of the mill, in good order, at the time and place when and where it was the duty of the defendant to have returned it, and the present value of the mill where it now is, together with such sum as is sufficient to compensate the plaintiff for the loss of the use of the mill since the time he was entitled to have it returned to him.

*(April 10, 1899.)*

JUDGES SPRUANCE and GRUBB sitting.

(Judge Boyce not sitting by reason of having been counsel in the case.)

*Edward D. Hearne* and *Robert C. White* for plaintiff.

*Charles F. Richards* for defendant.

Superior Court, Sussex County, April Term, 1899.

ACTION OF COVENANT, brought to recover damages for the breach of a written contract. The facts appear in the charge of the Court.

SPRUANCE, J., charging the jury:

Gentlemen of the jury :—This action is brought by Solomon Unruh against William Taylor, to recover damages for an alleged breach of covenant contained in a written agreement, under the hands and seals of the parties, bearing date the —— day of —— 1895. By this agreement the plaintiff sold to the defendant " all the oak timber ten inches and up in diameter, at the usual stump height, then (now) growing and being in and on forty acres of woodland, more or less, situated in Sussex County and State of Delaware, and bounded on the north by pine lands of said Unruh, on the west by lands of Jerry Cannon and Peter Bradley, on the south by lands of Twiford Wright, and on the east by lands of Harry Cannon and Daniel Kinder ;" and it was also agreed that the said defendant should have free and unmolested ingress and egress to and from the said woodlands from the date of said agreement until the twentieth day of August, 1896, for the purpose of cutting and removing the said timber ; and that the said defendant should have the use of the sawmill, owned by the plaintiff, free of charge.

In consideration whereof, the defendant agreed to pay to the

plaintiff the sum of five hundred dollars, and it was also agreed that after thirty days' trial, the said defendant should have the privilege of buying the said sawmill, if it should prove to be in good order and satisfactory, at the sum of five hundred dollars; and that if the said defendant should not buy the said mill, he should put it back where he found it, in good order, and that the plaintiff should let the defendant have enough pine timber for building purposes for said mill.

It is conceded by both the plaintiff and defendant, that the said agreement was executed by both of them in the early part of August, 1895; that the defendant has paid to the plaintiff the sum of five hundred dollars first mentioned in the said agreement; that the defendant did not, as was his right, avail himself of his privilege of purchasing said mill; that a few days after the execution of the said agreement, the defendant removed the said mill from the premises of the plaintiff, to a place on or near the said woodland, and there set it up and used it in sawing the timber purchased by him of the plaintiff; and that the said mill has never been returned by the defendant to the place where he found it, but that it, or the greater part of it, remains where the defendant set it up and used it.

This action is brought for the recovery of damages sustained by the plaintiff, by reason of the alleged breach of the defendant's covenant to put the mill back where he found it, in good order.

It is the duty of the Court to construe the written agreement of the parties so far as may be necessary for understanding its meaning. We therefore say to you, that by the written agreement sued upon, the plaintiff did not guarantee the mill to be in good order, or fit or suitable for sawing said timber; nor did he by said agreement undertake or promise to survey or locate the boundary lines of said woodland. From the said agreement the law implies a covenant by the defendant that he would exercise reasonable care in the use and preservation of said mill until it should be returned to the plaintiff. And we further say to you that under the said agreement the defendant had the right to use the said mill, free of

charge, for the purpose of sawing the said timber purchased by him of the plaintiff, until the twentieth day of August, 1896, that being the date when his privilege of ingress and egress, for the purpose of cutting and removing the said timber expired; and that it was the duty of the defendant then or within a reasonable time thereafter, to return it to the place where he found it, in good order, unless he was prevented from so doing by some act of the plaintiff, or unless the time of its return was extended by some new and valid agreement between the parties.

In justification or excuse for the non return of the said mill, the defendant has filed three special pleas, only one of which, No. 5, we deem it necessary now to consider.

This plea sets forth in effect, that after cutting and removing the greater part of the said timber, the defendant was unable to know the boundary lines of said woodland, and was therefore not able to cut and remove the whole of the timber on said woodland; and that the plaintiff promised and agreed to survey and mark out the boundary lines of said woodland, and agreed and consented that the said sawmill should remain where the defendant had located it, until the plaintiff had surveyed and marked out the boundary lines of said woodland, and until the defendant had been able to cut and remove all the timber upon said woodland, and that the plaintiff, although requested so to do, has never had surveyed or marked out the said boundary lines.

The rule that oral evidence to add to or vary the terms of a written agreement, is not admissible, is thus clearly stated in *1 Greenleaf's Evidence, Section 275:*

" When parties have deliberately put their engagements in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous *colloquium* between the parties, or of conversation or declarations at the time when it was completed, or afterwards,as it would tend in many instances to substi-

tute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, ' Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.' "

The same author says (Sec. 306) " that this rule is not infringed by the admission of oral evidence to prove a new and distinct agreement, upon a new consideration, whether it be as a substitute for the old, or in addition to and beyond it. And if subsequent, and involving the same subject matter, it is immaterial whether the new agreement be entirely oral, or whether it refers to and partially or wholly adopts the provisions of the former contract in writing, provided the old agreement be rescinded and abandoned."

In order to make the said recited special plea of the defendant available as a defence in this action, you must be satisfied from the evidence that the said alleged new agreement for the extension of the time for the return of the said mill, was actually made by the parties after the execution of the said written agreement; that it was made upon a new and valid consideration not set forth in the said written agreement; and that it rescinded the covenant of the said written agreement as to the return of the mill, and in lieu thereof substituted a new and different provision.

In accordance with the prayers of the defendant, we charge you, that the damages to be recovered by the plaintiff must have been shown to you with reasonable certainty, and not left to speculation and conjecture; that to entitle the plaintiff to recover more than nominal damages, it must have been shown to your satisfaction that he has sustained actual damages; and that the plaintiff cannot recover for damages of the class called speculative, or otherwise too remote.

If your verdict should be for the plaintiff, you should assess for his damages such sum as you are satisfied from the evidence is the difference between the value of the mill, in good order, at the

time and place when and where it was the duty of the defendant to have returned it, and the present value of the mill where it now is, together with such sum as you are satisfied from the evidence is sufficient to compensate the plaintiff for the loss of the use of the mill since the time he was entitled to have had it returned to him, provided, however, that the whole amount cannot exceed $1,000 —the sum claimed by the plaintiff for his damages.

Verdict for plaintiff for $609.06.