No. 15,960.

FRENCH *v.* BEKINS MOVING AND STORAGE COMPANY.
(195 P. [2d] 968)

Decided June 28, 1948.

Mr. Shields Mason, for plaintiff in error.

Messrs. BANCROFT, BLOOD & LAWS, Mr. HAROLD D. TORGAN, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, French, who was plaintiff below, employed defendant to move and store her household goods and furniture and subsequently brought suit: (1) for the value of two barrels of dishes allegedly lost by defendant; (2) for damage to other furniture while in defendant's possession; and (3) for extra charges paid a transfer company employed to remove the goods from defendant's warehouse made necessary by failure to have the stored goods and furniture ready for delivery at the time agreed. Defendant interposed a general denial and further pleaded contract specifically providing that the valuation placed on the goods so moved and stored should be deemed to be ten cents per pound per article.

By stipulation the questions of loss of the barrels of dishes, and damage to the furniture while in defendant's custody, were submitted to the jury and both answered in the affirmative. Other issues were submitted to the court, which found that defendant was liable under a contractual limitation of ten cents per pound per article for the value of the dishes and glassware alleged to be converted, and that it was liable for delay in delivery of the goods, and judgment was entered accordingly. Plaintiff here specifies error, and defendant has filed cross specifications.

██ ██ Two of defendant's cross specifications here urged are based upon asserted insufficiency of facts. There was substantial evidence to support the verdict of the jury as to each, and it cannot be disturbed. In its third cross specification defendant does not deny the agreement to have the goods ready for delivery at a

specified time, but asserts the custom of warehousemen to the contrary, usual delay in arrival of pickup trucks which are to remove goods from the warehouse, the resultant dock congestion, and the necessary charge to a customer for returning the goods to the warehouse if not picked up at the time agreed. It is hardly necessary to say that none of these is a ground for breach of agreement.

Plaintiff urges error in the court's limitation of her recovery to ten cents per pound for the value of the two barrels of dishes and glassware, on the ground that there was no agreement therefor.

No warehouse receipt was delivered upon storage of the goods and the one tendered some six weeks thereafter was not accepted. Accordingly the provisions of the tendered warehouse receipt are here immaterial. ██ ██ Upon delivery of the goods to the defendant, the mandatory provisions of the warehouse receipt statute then in effect became part of the implied contract for storage between the parties. *Voyt v. Bekins Moving & Storage Co.*, 169 Ore. 30, 119 P. (2d) 586, 127 P. (2d) 360. No other limitations on the common-law liability of the warehouseman can avail him unless they were brought to the attention of the bailor and assented to at the time of the bailment, or thereafter agreed to for a valuable consideration. *Brasch v. Sloan's Moving & Storage Co.*, 237 Mo. App. 597, 176 S.W. (2d) 58; *Colgin v. Security Storage & Van Co.*, 208 La. 174, 23 So. (2d) 36, 160 A.L.R. 1107; *Healy v. New York Central & H. R. R. R. Co.*, 153 App. Div. 516, 138 N.Y.S. 287. At the time of the taking of the goods for storage defendant's truck driver handed to plaintiff for signature, and she signed, a printed slip to which reference is made in the evidence as a work order or van ticket, containing blanks in which were penciled the details of removal, charges and other information, in fine type which largely filled the sheet. Toward the bottom in still smaller poorly printed five-point type are eight lines authorizing the handling of

the goods "at a released valuation of ten cents per pound per article" and limiting liability to that amount, with the additional sentence, "It is understood that irrespective of the released valuation shown in the preceding sentence, your liability for stored goods, * * * is limited to ten cents per pound per article."

■ Plaintiff testified that she did not read this fine print, and that she assumed that she was merely signing a receipt "because they loaded." Defendant's truck driver testified that he could not say that plaintiff read it or took any particular time before signing it; about all he remembered was that it was signed. In signing the van ticket plaintiff was not informed that she was contracting to any limitations of liability in the storage of her goods and had no reason so to believe. The burden of proof as to agreement limiting the liability of the warehouseman is on him who asserts it. *Voyt v. Bekins Moving & Storage Co., supra.* Here, the mere signing of the van ticket was no substantial evidence to sustain the verdict. *Voyt v. Bekins Moving & Storage Co., supra; Jacobson v. Art Storage & Moving Co.,* 16 N.Y.S. (2d) 906.

However, one of defendant's employees testified that four days before the goods were received for storage plaintiff called him by phone to arrange for storage, and that he then explained that the company's liability was ten cents per pound per article and that they had warehouse insurance which could be obtained at extra cost. This was denied by plaintiff, who testified in substance that she asked how much it would cost to store, and received the reply that it could not be told over the phone but depended on the space taken up and the time, and she was advised that in moving the goods she have three men, and use the big van which would be cheaper. Whether or not plaintiff knowingly agreed to the ten cent limitation was a question of fact. By stipulation of counsel, the determination of facts was left to the trial court except as to the two questions hereinbefore men-

tioned. The trial court made no specific finding on this issue, but its finding that the defendant was "liable upon a contractual limitation of ten cents per pound," necessarily implies a finding that plaintiff did knowingly assent to the ten cent limitation, and supports that finding.

 Plaintiff urges that the limitation clause was invalid where the loss resulted from conversion of depositor's property. While such is the stated rule, the conversion must be by misfeasance, and there is no evidence here of conversion within the meaning of that rule. *Glinsky v. Dunham & Reid, Inc.*, 230 App. Div. 470, 245 N.Y.S. 359. There is no suggestion that defendant took the missing barrels of dishes for its own use or knowingly sold or disposed of them. Loss of stored goods, by failure to exercise proper care, does not constitute such conversion. *Arizona S. & D. Co. v. Rynning*, 37 Ariz. 232, 293 Pac. 16; *Page v. Allison*, 173 Okla. 205, 47 P. (2d) 134.

Again plaintiff urges that the attempted limitation of liability to ten cents per pound was invalid because of the paragraph in the warehouse receipts act providing that terms inserted in a receipt shall not, "In anywise impair his obligation to exercise that degree of care in the safe keeping of the goods entrusted to him which a reasonably careful man would exercise in regard to similar goods of his own." '35 C.S.A., c. 173, §3(b). This assignment raises a question upon which there is wide variety of opinion in different jurisdictions and one involving much difficulty as evidenced by *Voyt v. Bekins Moving & Storage Co., supra,* involving supplemental, concurring and dissenting opinions, and *Colgin v. Security Storage & Van Co., supra,* involving the recalling of the original decree of the court of appeals (15 So. [2d] 664) and reversal of its second decree (17 So. [2d] 478) by the Supreme Court.

 It seems to be generally agreed that any attempt by provision in a warehouse receipt, or otherwise to ab-

solve warehousemen from all liability resulting from failure to exercise ordinary care, is invalid. It was so held in some jurisdictions independent of statute on the ground of public policy. *Denver P.W. Co. v. Munger,* 20 Colo. App. 56, 77 Pac. 5; *Agricultural Ins. Co. v. Constantine,* 144 Ohio St. 275, 58 N.E. (2d) 658, and we so declared in *Parris v. Jaquith,* 70 Colo. 63, 197 Pac. 750. In states where, as in Colorado, the uniform warehouse receipts act has been adopted, such a provision impairs the statutory obligation of reasonable care.

■■■ A provision in the contract between the parties declaring an agreed valuation of the goods stored which is less than their true value, for the purpose of determining the measure of the warehousemen's obligation, does not impair the obligation if: (a) the parties fairly agree as to the valuation; and (b) the fact of actually greater value is unknown to the warehouseman. *Central Storage Warehouse Co. v. Pickering,* 114 Ohio St. 76, 151 N.E. 39, 142 A.L.R. 768. "Such a statutory provision has been held not to prevent the parties by contract from determining in advance the actual value of the property stored, for the purpose of fixing the charges in proportion to the value of the property stored and the measure of responsibility of the warehouseman, as distinguished from a contract exonerating the warehouseman from liability entirely or from liability for a part of the actual value of the goods." 56 Am. Jur., p. 420, §218.

The weight of authority seems to be that a provision declaring an agreed valuation which is known to be less than the value of the goods stored, as the measure of the warehouseman's obligation, is valid: (a) where accepted by fair agreement of the parties, and (b) where the bailor receives thereby a reduced storage rate. "If assented to by plaintiff, and assuming that it would in fact have been supported by a valuable consideration, the condition [one restricting liability for each package and contents to $25] would not have been unlawful as tending to exempt defendant from liability for its negli-

gence. While a warehouseman may not avoid his liability for negligence, he may nevertheless stipulate with the owner as to what the extent of the latter's recovery shall be, where the rate charged the owner is based upon an agreed valuation which is put upon the property. * * * if the condition was to become a part of the contract, it was necessary that plaintiff's attention be called to it, and that she be advised that the rate to be charged was a reduced rate to be applied in consideration of her consent to the limitation of defendant's liability." *Brasch v. Sloan's Moving & Storage Co.*, 237 Mo. App. 597, 176 S.W. (2d) 58.

Such a provision would seem entirely proper and fair where there is equality of bargaining power, but the individual dealing with a warehouseman has no such equality. The business is affected with a public interest and public policy has impelled the legislature to prohibit a provision impairing the warehouseman's obligation as to care. This obligation is to use care or respond in damages for the value of the goods in case of loss. The value is the measure of the obligation. To eliminate all value is to eliminate all obligation. To reduce the liability below the known true value is to impair the obligation. As noted by the Oregon court in the Voyt case supra, on rehearing, and in 37 Columbia Law Review, 262, the provision of the uniform warehouse receipts act against exculpation of the warehousemen, has in some cases been judicially emasculated by the way of the valuation device.

Some courts have refused to allow such limitation. In *Healy v. New York Central & H.R. R.R. Co.*, 153 App. Div. 516, 138 N.Y.S. 287, the court said: "Assuming, as the defendant claims, that the coupon complied with the requirements of section 91 as to a receipt except as to the date of issue, which was left blank, yet I think that the clause of the coupon which attempted to limit the liability of the defendant impaired its obligation to exercise that degree of care in the safekeeping of the goods

intrusted to it which a reasonably careful man would exercise in regard to similar goods of his own, and hence was a condition which the defendant had not the legal right to insert in the coupon and was void. It is a matter of common knowledge that the value of a handbag and its contents carried by a person traveling is often many times ten dollars, and manifestly a condition in a receipt which limits the liability of the bailee to so small a sum weakens his sense of obligation to exercise that degree of care which he would be likely to exercise if he knew that he would be held liable for the full value of the parcel stored in the event of its loss." In *England v. Lyon Fireproof Storage Co.*, 94 Cal. App. 562, 271 Pac. 532, a provision in the warehouse receipt limiting responsibility for any package to twenty-five dollars unless the value was made known and an additional charge made, was held invalid as tending to relieve bailee from the exercise of ordinary care.

The reasoning implicit in allowing such exculpation appears to be that the bailor has the right to declare the value of his own goods, and where the warehouseman has acted to his disadvantage by giving a reduced rate on the inducement of such declaration of value, the bailor is estopped thereby from asserting a greater value in case of loss.

Assuming that we should follow this rule, the contract should be strictly construed against defendant, and it must be made plainly to appear both that there was fair agreement of the parties, and that there was a reduced storage rate based on the limited valuation. As said by the United States Supreme Court with reference to a similar stipulation by a shipper: "Such a stipulation, we have said, is not enforcible unless the shipper, for agreeing to such a limitation of the carrier's liability, receives a consideration consisting in the offer of a lower rate as against a higher rate offered for the service without such limitation; or, as has been said, the rate is tied to the release." *The Ansaldo San Giorgio I v. Rheinstrom*

*Bros. Co.,* 294 U.S. 494, 55 Sup. Ct. 483, 79 Law Ed. 1016. "The court must cautiously inquire, if, in purported agreements concerning value, there is a real bargain with real mutual assent and consideration or merely an arbitrary attempt to limit the amount of liability for future negligence. On the facts of this case that question becomes one of law." *Voyt v. Bekins Moving & Storage Co., supra,* on rehearing.

█ In the case before us the warehouseman had knowledge that the contents of the barrels were of far greater value than the nominal valuation recited. Its employees were so advised and were requested to handle them with special care. There was no fair agreement between the parties as to the limited and nominal valuation declared, and the bailor was not given an optional rate but was forced to accept the arbitrary valuation set by the warehouseman. This arbitrary limitation, therefore, was not binding on the bailor, and she should recover the full value of her lost goods.

The case is remanded with instruction for further proceedings consistent herewith.

MR. JUSTICE LUXFORD not participating.