ORLANDO F. DECECCHIS and SARAH G. DECECCHIS, his wife, Plaintiffs, v. WARREN S. EVERS and WARREN W. EVERS, Trading as W. Evers and Son Storage Co., and W. EVERS & SON STORAGE Co., a Corporation of the State of Delaware, Defendants.

(*October* 18, 1961.)

CAREY, J., sitting.

*James F. Kruzinski* for plaintiffs.

*Victor Battaglia* (of Theisen and Lank) for defendants.

Superior Court for New Castle County, No. 560, Civil Action, 1960.

CAREY, J.:

The question presently before the Court is whether a limitation of liability contained in a Warehouse Receipt is binding upon the plaintiffs.

The point arose during a pretrial conference. It appearing that a decision thereon might well shorten the trial or possibly eliminate its necessity, the Court under Civil Rule 16, *Del. C. Ann.* directed the filing of briefs.

Plaintiffs expect to prove these facts:

In June 1956, Mrs. De Cecchis called the office of defendants by telephone and inquired about their rates for storage. A member of the firm told her the rates which he quoted were based upon the space to be occupied. There was further discussion about defendants' facilities and the manner in which goods were wrapped and stored, but nothing was said about any limitation of liability or about rates being based upon value of the goods. She told him to pick up the chattels, consisting of furniture, rugs, a dryer and a range. Defendants did pick them up promptly.

Several days later, defendants mailed to plaintiffs a Warehouse Receipt, which contained a clause limiting defendants' liability to $50 for each package and the contents thereof. This receipt was retained by plaintiffs until about $3\frac{1}{2}$ years later, when they ordered the goods brought back. The range was returned in September 1959 and the remainder in December 1959. Apparently nothing was said about the receipt when the range was returned but, when defendants' employee brought the rest of the goods to plaintiff's home, he refused to surrender them until the receipt was signed. Mrs. DeCecchis signed it in order to get the goods. At no time during the bailment was plaintiffs' attention specifically called to the limitation of liability, nor were they ever requested to place a valuation upon the goods. There is no suggestion of any prior dealings between the parties, nor any indication

that the terms of the original agreement were to be later incorporated into a written contract.

I assume, without deciding, that a limitation of liability clause in a Warehouse Receipt is valid under the Uniform Act. Title 6, Ch. 5, Revised Code, 6 *Del. C.* § 501 *et seq.* I further assume the facts to be as set forth above.

Where the Warehouse Receipt is given to the bailor at the time of formation of the original agreement or of delivery of the goods to the bailee, it is usually held that the receipt correctly sets forth the contract terms, which are therefore binding upon the parties. 56 *Am. Jur.* 421. Even in this situation, some Courts have taken a contrary view under specific circumstances. See annotation in 142 *A. L. R.* 779. Of course, this is not the present situation.

Here, the contract was complete upon delivery to the bailee. That contract included no limitation of liability. Certainly no express agreement concerning a limitation was then made, and I find nothing upon which to base a holding that such a provision was implied. Probably those terms which must be included in a Warehouse Receipt under Section 502 of our Act would be deemed to be a part of any such contract. However, this limitation is not in that category.

A contract having been made, no modification of it could be brought about without the consent of both parties and without consideration. *Unruh v. Taylor*, 2 *Penn.* 42, 43 *A.* 515; *Josloff v. Falbourn*, 2 *W. W. Harr.* 433, 125 *A.* 349. Defendants are thus forced into the position of arguing that plaintiffs did agree to the modification because (1) they did not notify defendants of a refusal to accept it, but retained the receipt and allowed the bailment to continue 3½ years; and (2) the wife signed it before the goods were returned.

The cases appear to be practically unanimous in holding that the first reason given is insufficient to show consent to a modification; in the absence of proof that the pro-

posed change was expressly called to bailor's attention, the mere receipt and retention of a requested modification, with nothing more, is not enough to show consent. *Brasch v. Sloan's Moving & Storage Co.*, 237 *Mo. App.* 597, 176 *S. W.* 2d 58; *Colgin v. Security Storage & Van Co.*, 208 *La.* 173, 23 *So.* 2d 36; *French v. Bekins Moving & Storage Co.*, 118 *Colo.* 424, 195 *P.* 2d 968. *Cf.* 1 *Williston on Contracts* (Rev. Ed.) 279.

■ As to the second reason, which pertains to the wife's signature, if the statements contained in Mrs. De Cecchis' affidavit are ultimately found to be true, there would clearly be no consideration for the modification. If she did not sign the paper until the goods were delivered back to the plaintiffs, the defendants' performance was complete and nothing remained to be done on the original contract except payment by the plaintiffs. If some other factual situation is ultimately proven, any ruling based thereon must await presentation of the proof.

The only question presently presented is whether the limitation is applicable in the situation herein set forth, assuming liability on defendants' part. I hold it inapplicable in those circumstances.