JBR CONTRACTORS, INC., a Delaware Corporation, Plaintiff Below, Appellant,
v.
E & W, LLC, a Delaware Limited Liability Company, Defendant Below, Appellee.
No. 69, 2009.
Supreme Court of Delaware.
Submitted: February 17, 2010.
Decided: March 9, 2010.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 9th day of March, 2010, it appears to the Court that:
1) The plaintiff-appellant, JBR Contractors, Inc. ("JBR"), appeals from a Superior Court judgment in favor of the defendant-appellee, E & W, LLC ("E&W") on a claim for a mechanic's lien and a counterclaim for breach of contract. On October 16, 2009, we remanded the matter to the Superior Court to make certain findings of fact and conclusions of law. The Superior Court responded to this Court on December 10, 2009. Thereafter, the parties filed supplemental memoranda.
2) In late July 2006, E&W hired JBR as the general contractor to renovate a building known as "The Red Barn". E&W was represented by its principal, Wendy Harrold ("Harrold"). JBR was represented by its principal, Airton Maria, Jr. ("Junior"), and also by Robert Peck ("Peck").
3) The parties initially agreed that JBR would be paid its costs plus a 33% management fee. A meeting was held in late August 2006, in which Harrold, Junior and Peck participated. E&W claims that at that meeting, JBR agreed to cap the project's cost at $496,163.15. JBR disputes this claim. It contends that the meeting took place in October 2006, and that the parties did not agree upon a cap.
4) E&W terminated JBR on November 24, 2006, four days before Sussex County issued a certificate of occupancy for the building. On February 26, 2007, JBR filed a Complaint and Statement of Claim for Mechanic's Lien against E&W, seeking a judgment of $158,409.40, based on a "cost plus 33%" contract less $435,000 previously paid. On April 11, 2009 E&W filed its answer and a counterclaim for $178,591.16, based on the $435,000 that E&W paid JBR, adjusted for: (a) work that JBR either did not perform or performed improperly, and (b) payments E&W was forced to make to suppliers and subcontractors, for which JBR should havebut did nopay.
5) On January 22, 2009, following a bench trial, the Superior Court found that the parties had entered into a fixed price contract for $496,163.15 at the August 2006 meeting. The Superior Court entered judgment in favor of E&W for $4,558.11 plus post-judgment interest.[1] This appeal followed.
6) On appeal, JBR claims that the Superior Court erred in finding that the parties entered into a fixed price contract for $496,000[2] in August 2006, for three reasons. First, JBR argues, neither party advocated that a fixed price contract was agreed to; second, the evidence that a cap was placed on the cost of construction was insufficient; and third, there was no independent consideration to support the modification of the initial "cost plus 33%" contract to which the parties had agreed in July 2006.[3]
7) By order dated October 16, 2009, this Court held that, even though neither party had advocated that the August 2006 contract was a fixed price contract, the Superior Court did not err in finding that such a contract existed, because that finding was logical and supported by the record. Nevertheless, we remanded the matter to the Superior Court, to make findings necessary to resolve JBR's third claim of errori.e., that there no was independent consideration to support the modification of the initial "cost plus 33%" contract, to a fixed price contract.[4]
8) We directed that the findings and conclusions on remand should address two issues. First, the Superior Court was asked to determine the nature and the terms of the parties' July 2006 agreement. If that agreement was "an open-ended agreement wherein the parties undertook to agree on a final contract price, then the parties' later agreement (in August 2006) was [not] a modification of the initial contract. . . . Rather it represented the performance of the parties' initial (and only) agreement." If, however, the initial agreement was modified in August 2006, then the Superior Court was instructed to identify the consideration which supported that modification.
9) The Superior Court was also asked to decide whether or not E&W had a right to terminate the initial agreement before August 2006. In its answering brief, E&W suggests that E&W was entitled to decide unilaterally to halt the renovation mid-project, whereas JBR was obligated from the outset to complete the project if required. In response, JBR argues that E&W had no right of early termination. In our remand order we held that if the initial agreement gave E&W a unilateral right of early termination, then E&W's waiver of that right in August 2006, would have constituted consideration.
10) On remand, the Superior Court concluded that the initial July 2006 Agreement was not open-ended, such that the parties "agreed to agree" on a final contract price at some future time. Rather, the parties modified the initial agreement in August 2006, by changing the price from JBR's cost plus 33%, to the fixed amount of $496,000. The Superior Court also found that JBR received two kinds of consideration for agreeing to that modification. First, the modification gave JBR the opportunity to earn more than 33% above its costs. The Superior Court explained that when Junior developed the fixed price of $496,000, he knew what his final costs were going to be. Junior then "padded" that amount and added 33% to the padded total. Second, after the contract became one for a fixed price, JBR no longer had to prove its actual costs to E&W. Moreover, the Superior Court found, E&W did not retain the right to terminate the July 2006 agreement unilaterally at any time without breaching it. The Superior Court's conclusions and findings are now clear: the parties modified their initial agreement in August 2006, and that modification was supported by consideration.
11) We review whether the Superior Court's factual findings are "sufficiently supported by the record and are the product of an orderly and logical deductive process. Findings of the trial court that are supported by the record must be accepted by the reviewing court even if, acting independently, it would have reached a contrary conclusion."[5] We review the Superior Court's application of law to its factual and credibility determinations de novo.[6]
12) In its Supplemental Memorandum, JBR claims that the Superior Court's conclusion that JBR received consideration for the August 2006 modification is not supported by the record. First, JBR relies on the Superior Court's statement that no direct evidence supports a conclusion that JBR received "padding" consideration for the modification. Even so, that conclusion is a logical inference from Peck's and Harrold's testimony that JBR was comfortable with the $496,000 fixed price, because Junior had "padded" JBR's costs. Second, JBR contends that because it was never required to justify its costs to E&W, JBR could not have benefited from being relieved from that requirement. That position is inconsistent with the initial "cost plus" contract, which, by its nature, required JBR to keep track of the costs so that it would be able to prove them to E&W, if E&W so required.[7] Indeed, one of the allegations of E&W's counterclaim was that JBR had not sufficiently documented its costs. That counterclaim became moot when the Superior Court found that the contract became one for a fixed price in August 2006.
13) The Superior Court's findings on remand are logical and supported by the record, and its legal conclusions are without error.
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is affirmed.
NOTES
[1] That amount was calculated by subtracting the amount owed by JBR to E&W under E&W's counterclaim, from the amount of $61,136.15 that E&W owed JBR under the fixed price contract (i.e., $496,163.15-$435,000).
[2] For convenience, the parties rounded the amount of $496,163.15 down to $496,000.
[3] JBR does not appeal from the Superior Court's findings of the amounts it owes E&W for work it did not perform, or did not perform properly.
[4] A modification of a contract requires consideration, i.e., some benefit to the promisor or detriment to the promisee in exchange for the amendment. See First Mortgage Co. of Pennsylvania v. Fed. Leasing Corp., 456 A.2d 794, 795-96 (Del. 1982); De Cecchis v. Evers, 174 A.2d 463, 464 (Del. Super. 1961); Affiliated Enters. v. Waller, 5 A.2d 257, 260 (Del. Super. 1939).
[5] Wheeler v. Clerkin, 2005 WL 873341, at *2 (Del. Apr. 13, 2005) (citing Levitt v. Bouvier, 287 A.2d 671, 673 (Del. 1972)).
[6] DCV Holdings, Inc. v. ConAgra, Inc., 889 A.2d 954, 960 (Del. 2005).
[7] 17 Am. Jur. 2d Contracts, § 495 (2010) (In a cost-plus contract, "[t]he contractor is under a duty of itemizing each and every expenditure ... and where the other party denies being indebted to the contractor the latter has the burden of proving each and every item of expense.... Presentation of invoices and statements of account, accompanied by proof of payment, is the proper method of proving the expenses or costs.")