## THE ANSALDO SAN GIORGIO I.

District Court, S. D. New York.

Jan. 30, 1933.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for libelant.

Loomis & Ruebush, of New York City (Homer L. Loomis, of New York City, of counsel), for claimant.

PATTERSON, District Judge.

The libelant was the owner of three lots of cherries carried by the claimant on its ship Ansaldo from Italian ports to New York and

Philadelphia. It brought suit for damage to the cherries in transit, and prevailed on the merits. By the interlocutory decree the case was sent to a commissioner to ascertain and compute the damages. The commissioner took testimony and filed his report, finding the damages (inclusive of interest) at the figure of $26,006.99. The case is here on exceptions taken by the carrier.

■ 1. The commissioner held that certain provisions in the bills of lading relative to damages were void. He therefore took as the measure of damages the market value of the goods at destination at the time when delivery should have been made. This was, of course, the proper standard, in the absence of valid agreement fixing some other measure or limitation. New York, etc., R. Co. v. Estill, 147 U. S. 591, 13 S. Ct. 444, 37 L. Ed. 292. The carrier's argument is that the invoice value of the goods had been validly agreed upon by the parties as the measure of damages and should control the recovery.

■ The bills of lading contained the following paragraphs:

"3. The value of each package receipted for as above does not exceed the sum of $100, unless otherwise stated herein, on which basis the rate of freight is adjusted. * * *

"11. In the event of claims for loss, damage or short delivery, the same shall be adjusted on the basis of the invoice value of the entire shipment, adding expenses necessarily incurred."

None of the packages in the shipment had a market value or an invoice value as high as $100, and no figure was inserted in the bills of lading as the value of the goods. It is plain, therefore, that paragraph 3 has no application to the facts of the case, and its validity or invalidity is of no consequence. I do not mean to question its validity; on the contrary, I believe it to be valid. But, even if void, it is severable from paragraph 11 and of no practical importance in the case. American Railway Express Co. v. Lindenburg, 260 U. S. 584, 589, 590, 43 S. Ct. 206, 67 L. Ed. 414; Kilthau v. International Mercantile Marine Co., 245 N. Y. 361, 364, 157 N. E. 267. The point presented then is whether paragraph 11 is a valid stipulation in the shipping contract, providing, as it does, that any loss shall be adjusted on the basis of the invoice value of the goods plus expenses. There is nothing in the case to indicate that the carrier gave the shipper a choice of rates, one carrying this clause and the other omitting it.

■ It is fundamental that a carrier may by contract with the shipper agree upon variations of what would, in the absence of special agreement, be its responsibilities, provided such variations are reasonable and not inconsistent with public policy. New York C. R. Co. v. Lockwood, 17 Wall. 357, 380, 21 L. Ed. 627; Cau v. Texas & P. R. Co., 194 U. S. 427, 24 S. Ct. 663, 48 L. Ed. 1053. Thus, a requirement that notice of loss be given within a time regarded as reasonable is a valid provision; and so also as to a clause that suit must be commenced within a specified period shorter than that allowed by the statute of limitations; the period being not an unduly short one. Southern Express Co. v. Caldwell, 21 Wall. 264, 22 L. Ed. 556; Missouri, K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 S. Ct. 397, 57 L. Ed. 690. But a special agreement exempting the carrier from liability for negligence is against public policy and void. Bank of Kentucky v. Adams Express Co., 93 U. S. 174, 23 L. Ed. 872; The Montana, 129 U. S. 397, 9 S. Ct. 469, 32 L. Ed. 788; Boston & Maine R. Co. v. Piper, 246 U. S. 439, 38 S. Ct. 354, 62 L. Ed. 820, Ann. Cas. 1918E, 469.

An agreement limiting the value of the goods in case of loss or injury to a sum less than their real value is unreasonable and void, unless the shipper is given a choice of rates based on valuation. Hart v. Pennsylvania R. Co., 112 U. S. 331, 5 S. Ct. 151, 28 L. Ed. 717; Union Pacific R. Co. v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656. The cases in the Supreme Court on limitation of value clauses have all been cases where the valuation set forth in the shipping contract as the maximum was a specified amount, as $100 a package or $50 a cow. The same rule as to "choice of rates," however, has recently been applied by the Circuit Court of Appeals of this circuit to a stipulation that the carrier's liability shall not exceed the invoice value of the goods, on the ground that such a clause also is an attempt to cut down the amount for which the carrier would otherwise be liable, and is valid only where another rate is offered carrying liability without limit as to amount. The Merauke (C. C. A.) 31 F.(2d) 974. To the same effect are Kilthau v. International Mercantile Marine Co., supra, and The Carso, 1932 A. M. C. 1236.[1] The libelant's argument is that the present case is governed by these authorities, and that the clause making invoice value the measure of damages is void because there was no

---

[1] Commissioner's report.

choice of rates, one with the clause and one without it.

There is a substantial difference between an agreement that damages shall be adjusted on the basis of invoice value and an agreement that in case of damage no value higher than the invoice value shall be allowed. The latter is a strict limitation agreement, operative only in favor of the carrier who may always disregard its presence and show that the market value at destination was less than the invoice value and take advantage of that fact. The former is not a limitation clause at all, but is a provision fixing a new measure of damages. In instances where the market price of the commodity drops between the time of shipment and the time of arrival at destination, the clause may work out to the benefit of the shipper and the detriment of the carrier. The difference was noted in the Merauke Case and in the Kilthau Case, and the intimation in both opinions is that a provision for computing damages by reference to invoice value is reasonable and valid without the offer of an alternative rate bearing unlimited liability.

The fact is that such a clause is not unreasonable or offensive to public policy, and on principle should be treated as valid. It does not place an artificial or arbitrary value on the goods. It guards the parties against fluctuations in the market while the goods are in transit. It furnishes a ready and convenient standard for measuring the loss in case of damage, and tends to promote prompt settlements by leaving no room for extravagant claims of market value at destination. As already observed, it is not exclusively in the interest of the carrier, but may frequently confer benefit on the shipper.

There is abundant authority for the proposition that the clause as it stands is valid. For years the cases have been to the effect that a clause in a bill of lading that loss shall be computed on the basis of the invoice price of the goods is valid, although no alternative rate was tendered the shipper or other special consideration given. Coleman v. New York, New Haven & Hartford R. Co., 215 Mass. 45, 102 N. E. 92, 7 A. L. R. 1366; Fahey v. Baltimore & Ohio R. Co., 139 Md. 161, 114 A. 905; Davis v. Zimmern, 211 Ala. 63, 99 So. 307; Grubbs v. Atlantic Coast Line R. Co., 101 S. C. 210, 85 S. E. 405; Brockman Commission Co. v. Missouri Pacific R. Co., 195 Mo. App. 607, 188 S. W. 920; Denver, etc., R. Co. v. Peterson Grocery, 59 Colo. 125, 147 P. 663; Wallingford Bros. v. Atchison, etc., R. Co., 101 Kan. 544, 167 P. 1136,

L. R. A. 1918B, 716; Bowman-Kranz Lumber Co. v. Bush, 104 Neb. 165, 176 N. W. 91; J. C. Shaffer Co. v. Chicago, etc., R. Co., 21 I. C. C. 8. See, also, Duplan Silk Co. v. Lehigh Valley R. Co. (C. C. A.) 223 F. 600, in which Judge Lacombe said that such a clause was "lawfully included" in the bill of lading. The Duplan Case incidentally is an authority for the validity of both clause 3 and clause 11 in the present case. An equivalent clause, that damages shall be based on value of the goods at time and place of shipment, is likewise held valid. Inman & Co. v. Seaboard Air Line R. Co. (C. C.) 159 F. 960; Springfield, etc., Co. v. Norfolk & Western R. Co. (D. C.) 260 F. 254; The Asuarca (D. C.) 13 F.(2d) 222; Spada v. Pennsylvania R. Co., 86 N. J. Law, 187, 92 A. 379. See, also, Phœnix Insurance Co. v. Erie & W. Transportation Co., 117 U. S. 312, 322, 6 S. Ct. 750, 29 L. Ed. 873, where the Supreme Court said obiter that a provision in a bill of lading making the value of the goods at the time and place of shipment the measure of the carrier's liability was valid, although, in the absence of such a clause, the value at the place of destination would govern the damages. In several other cases, clauses to the same effect as paragraph 3 and paragraph 11 in this case have been construed and applied; their validity having apparently been taken for granted. Western Transit Co. v. A. C. Leslie & Co., 242 U. S. 448, 37 S. Ct. 133, 61 L. Ed. 423; Pennsylvania R. Co. v. Olivit Brothers, 243 U. S. 574, 37 S. Ct. 468, 61 L. Ed. 908; Gulf, etc., R. Co. v. Texas Packing Co., 244 U. S. 31, 37 S. Ct. 487, 61 L. Ed. 970. See, also, The Oneida (C. C. A.) 128 F. 687. And the plain inference from Chicago, etc., R. Co. v. McCaull-Dinsmore Co., 253 U. S. 97, 40 S. Ct. 504, 64 L. Ed. 801, is that a provision in a bill of lading fixing the carrier's liability at the value of the goods at place and time of shipment is unobjectionable except in cases falling within the first or second Cummins Amendments or some other applicable statute. 49 USCA § 20 (11).

I have not overlooked Straus & Co. v. Canadian Pacific R. Co., 254 N. Y. 407, 173 N. E. 564. That case seems to support the libelant's argument, but it is opposed to the great weight of authority.

In my opinion, clause 11 in the bill of lading, requiring that losses be adjusted according to the invoice value of the shipment, is a reasonable and valid provision, and the commissioner erred in not giving effect to it. The exceptions relative to the measure of damages will therefore be sustained.

582

2. The construction of the clause is the next question. As an original matter, it might be urged that the libelant ought to recover the invoice value of the damaged goods; that, if 20 per cent. of the shipment were lost, the damages should be computed at 20 per cent. of the invoice value of the whole shipment, as under a valued policy of marine insurance. But the effect given to similar clauses in the past has been that the damages are the difference between the invoice value of the entire shipment and the market value at time and place of destination of the goods in their actual condition. Gulf, etc., R. Co. v. Texas Packing Co., supra; Duplan Silk Co. v. Lehigh Valley R. Co., supra; The Oneida, supra, at pages 692, 693 of 128 F. That rule will be followed here. "Invoice value" refers to commercial invoice and not to consular invoice. The libelant is also entitled to freight if prepaid.

3. The commissioner found that the cherries were in good order and condition when received by the carrier. He also made findings as to the quantity of cherries lost or damaged in transit. His findings on these matters are supported by the preponderance of the proof, and the exceptions relative to them will be overruled.

4. Interest on the damages was allower by the commissioner, except for a period of three years and five months, during which the libelant was taking depositions of witnesses in distant places. The commissioner held that this was the only delay that was fairly chargeable to the libelant. The claimant has excepted, insisting that no interest should have been allowed. Interest is discretionary in admiralty. The Scotland, 118 U. S. 507, 6 S. Ct. 1174, 30 L. Ed. 153. Upon a review of the steps in this protracted litigation, I am satisfied that the commissioner's ruling on interest was fair to both parties. The exception will be overruled.

As already indicated, the exceptions to the measure of damages will be sustained. The other exceptions will be overruled. The parties may submit memoranda as to the computation of damages, pointing out the proof as to invoice value of the entire shipment, market value of the goods at destination in their damaged condition, and expenses incurred.

### Memorandum.

The libelant has not shown, as to any of the three shipments, that the invoice value of the goods plus freight was greater than the actual arrived value. The libel will therefore be dismissed, but without costs.