## THE ANSALDO SAN GIORGIO I.

District Court, S. D. New York.

June 3, 1935.

Bigham, Englar & Jones, of New York City, for libelant.

Loomis & Ruebush, of New York City, for claimant.

BONDY, District Judge.

On October 17, 1932, the commissioner reported "the total amount of damages with interest to date to be the sum of $26,006.-99." In arriving at this result he excluded interest for three years and five months on account of delay with which he charged the libelant.

The District Court sustained claimant's exceptions to the report and dismissed the libel. The Ansaldo San Giorgio I, 3 F. Supp. 579. The Circuit Court of Appeals reversed the District Court and ordered that libelant recover damages as found by the commissioner with costs (The Ansaldo San Giorgio I, 73 F.(2d) 40), and the Supreme Court affirmed the. Circuit Court (294 U. S. 494, 55 S. Ct. 483, 79 L. Ed. 1016).

The decree entered on April 16, 1935, allowed interest on $26,006.99 from the date of the commissioner's report. Notice of settlement of the decree, which expressly provided for $26,006.99 as the amount of damages recoverable "together with interest from the date of the commissioner's report October 17, 1932, to the date hereof" was served on the claimant. The entry of the decree was not opposed.

The claimant contends that the decree should have included only simple interest on the amount of damages as fixed by the commissioner from the day damages were sustained to the date of the final decree, which improperly compounds interest by allowing interest on the full award of the commissioner which itself includes interest.

On October 17, 1932, the amount of money to which the libelant was entitled was liquidated in the sum of $26,006.99 inclusive of interest at the rate and for the time allowed by the commissioner. Had not the claimant prevented the libelant by legal proceedings from entering a decree, it would have been entered for that amount and would have carried interest on that amount. The fact that the claimant delayed the entry of the decree by legal proceedings unsuccessfully carried on by it is not any reason for depriving the libelant of any interest which otherwise would have been received. That the allowance of interest on interest in such circumstances is not unjust is evidenced by the fact that the Legislature of the state of New York has expressly provided in the Civil Practice Act, § 480, that where final judgment for a sum of money is awarded by a verdict, report, or decision, interest upon the entire sum awarded from the time when the verdict was rendered or the report or decision was made to the time of entering judgment must be added to the sum awarded and included in the amount of the judgment, and that such judgment shall bear interest from the time it is entered.

The motion to resettle the decree accordingly is denied.