31632. SOUTHERN RAILWAY COMPANY *v.* PORTER.

DECIDED SEPTEMBER 19, 1947. REHEARING DENIED OCTOBER 29, 1947.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.

*Poole, Pearce & Hall, Margaret Hills,* contra.

TOWNSEND, J. (After stating the foregoing facts). 1. Every question of the validity of stipulations in bills of lading covering interstate shipments is a Federal question, and the State court must follow the applicable Federal statutes and decisions, notwithstanding that the Federal courts may hold contrary to what is recognized in the jurisprudence of the State. Both the plaintiff and the defendant recognize this principle. See Adams Express Company *v.* Croninger, 226 U. S. 491 (33 Sup. Ct. 148, 57 L.ed. 314); Cincinnati N. O. & T. P. Railroad *v.* Rankin, 241 U. S. 319 (36 Sup. Ct. 555, 60 L. ed. 1022).

2. The pertinent inquiries are: first, whether or not the record discloses evidence that there was on file with the Interstate Commerce Commission at the time of the shipment in question, tariffs and schedules establishing more than one rate for furniture, old, used and mixed; second, whether or not the released valuation clauses of Release Order of the Interstate Commerce Commission No. 1078 are agreeable to Title 49, U. S.' C. A., Section 20 (11).

Counsel for the defendant in their brief contend, "It is true that the shipper could not ship a carload of used furniture not boxed or crated but merely braced in the car without first releasing the value in accordance with the provisions of the new classification, but unquestionably such furniture could have been shipped without releasing the value in the same manner and under the same conditions as furniture had been shipped from the time railroads first began to ship furniture." It was admitted by both parties that other classifications existed prior to release order No. 1078 and provided different packing requirements for the named articles of furniture. The freight rates applicable were lower than the rate under which the furniture was shipped and the packing requirements more.stringent.

We cannot agree with the defendant that the plaintiff had a choice between a common-law rate and a limited liability rate. "In considering whether a shipper had an opportunity to choose between the common-law rate and the limited liability rate, it is held, the question is not what the contract recites in respect to the matter, but whether he had in fact a chance to choose between his common-law rate and a lower rate with limited liability." 13 C. J. S., carriers, p. 182, § 94. Certainly, by no stretch of the imagination, can it be said that the plaintiff had an opportunity to choose between a *common-law rate* and a *lower rate with limited liability*. It was admitted by the defendant that the rate for the same amount of furniture under other classifications would have been $161.20, whereas, the total freight charges on the carload in question was $266.40. The fact that packing charges under the released valuation rate were less than packing charges under other classifications, in our opinion, cannot be urged in support of the theory of a lower rate with limited liability, for the reason that the overall cost to the shipper

under the released valuation rate would have been less. Rates and packing costs are separate and distinct factors.

3. We now deal with the question as to whether or not the released valuation clauses of Release Order No. 1078 of the Interstate Commerce Commission are agreeable to Title 49 U. S. C. A., § 20(11), which provides in part as follows: "and any such common carrier, railroad, or transportation company so receiving property for transportation from a point in one State, Territory, or the District of Columbia to a point in another State or Territory, or from a point in a State or Territory, to a point in the District of Columbia, or from any point in the United States to a point in an adjacent foreign country, or for transportation wholly within a Territory . . shall be liable to the lawful holder of said receipt, or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void; . . Provided, however, that the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply first . . to property, except ordinary livestock, received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and

recovery to an amount not exceeding the value so declared or released, and shall not, so far as relates to values, be held to be a violation of section 10 of this chapter; and any tariff schedule which may be filed with the commission pursuant to such order shall contain specific reference thereto and may establish rates varying with the value so declared or agreed upon; and the commission is hereby empowered to make such order in cases where rates dependent upon and varying with declared or agreed values would, in its opinion, be just and reasonable under the circumstances and conditions surrounding the transportation. Provided further, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law."

The classification tariff itself provides for the release valuation of $1 per hundred pounds and further provides; "If shipper declines to declare or release value. Not taken." By the wording used in the classification tariff, no discretion was left with the shipper, but to accept the valuation of $1 per hundred pounds or to seek other modes of transportation, regardless of the value of articles shipped.

Counsel for the defendant contend that the cases of Boston & Maine Railroad v. Piper, 246 U. S. 439 (38 Sup. Ct. 354, 62 L. ed. 820); Ansaldo San Giorgio I. v. Reinstrom Bros. Co., 294 U. S. 494 (55 Sup. Ct. 483, 79 L. ed. 1016), have no application to the present case. To this contention we cannot agree. In the two cases above cited it was held by the Supreme Court that a stipulation in a bill of lading limiting the amount of the carriers' liability for loss or damage due to the carriers' negligence is not offensive to public policy, nevertheless a valuation clause which is unreasonable and contrary to public policy, cannot, even if upon a valid consideration, estop the shipper to claim damages measured according to the general rule for loss of or injury to goods. It is interesting to note that in these cases the Supreme Court speaks of a lower rate as against a higher rate for service with a release clause valuation. In the case of Pierce Company v. Wells Fargo Company, 236 U. S. 278 (35 Sup. Ct. 351, 59 L. ed. 576), which counsel cite as a case "exactly in point," the shipper was given the privilege of paying an increased rate, and having the liability extended to the full value of the goods.

In our opinion, the provision limiting liability to $1 per hundred pounds in the bill of lading in the present case, was contrary to the statute law as set out in 49 U. S. C. A., § 20(11), in that it is unreasonable and contrary to public policy although supported by a valuable consideration. See, Adams Express Company *v.* Croninger, supra.

We have carefully considered the briefs of able counsel for both the plaintiff and the defendant, and we have no doubt but that the issues presented were decided in accordance with the decisions of the Federal courts.

4. The contention of the defendant that the courts of this State are without jurisdiction to decide the issues presented, is without merit.

*Judgment affirmed. MacIntyre, P. J. and Gardner, J., concur.*