GENERAL ELECTRIC COMPANY,

v.

M.V. LADY SOPHIE et al., Defendants.

No. 77 Civ. 3349 (HFW).

United States District Court,
S. D. New York.

Sept. 18, 1978.

Bigham, Englar, Jones & Houston, New York City by Daniel A. Sullivan, New York City, of counsel, for plaintiff.

Hill, Rivkins, Carey, Loesberg & O'Brien, New York City by Robert J. Ryniker, New York City, of counsel, for defendants.

## MEMORANDUM DECISION

WERKER, District Judge.

This action arises from an accident at sea resulting in partial damage and loss to machinery shipped by vessel by plaintiff General Electric Co. ("GE"). Defendants are the carrier Big Lift Shipping Co. (N.A.) Inc. and its general western hemisphere agents Big Lift U.S.A. Inc. (collectively "Big Lift"), the vessel M.V. Lady Sophie ("Lady Sophie") and her owner and charterer Scheepv. Maats 'Lady Sophie' N.V. Big Lift moves for partial summary judgment under Fed.R.Civ.P. 56 to limit its potential liability for cargo damage and loss to a maximum amount of $500 or alternatively $500 per package.

The facts are undisputed. GE contracted to construct four gas turbine power plants in Saudi Arabia. The component parts were to be manufactured in the United States and shipped to Saudi Arabia for assembly into completed power plants. The various cargo pieces involved were a gas turbine, an exciter, a control cab, and a platform trailer. GE contacted Big Lift to arrange for shipment of the machinery and a contract of affreightment was entered. The machinery was placed on board and stored on the deck of the Lady Sophie in Charleston, South Carolina. Outside Rotterdam, Netherlands, the vessel encountered turbulent seas; the gas turbine broke loose, slid across the deck, and collided with the control cab and exciter. The control cab was knocked overboard and lost. The turbine and exciter were damaged and returned to the United States. The platform trailer was discharged in the Netherlands.

GE alleges that due to the above it has incurred damages of $517,000 and seeks to recover that amount in this suit. Big Lift, although not conceding liability, contends that its potential liability is limited to $500 under the terms of the contract with GE.

The parties' contract, defendants' exh. G, incorporates by reference all the terms embodied in Big Lift's standard form bill of lading, defendants' exh. H. The three clauses in the bill of lading which are relevant to this motion are clauses two, nine, and nineteen. Clause two, the Paramount Clause, states that the Hague Rules as enacted in the country of shipment shall apply to the contract. In this case the parallel American legislation is the Carriage of Goods By Sea Act ("COGSA"), 46 U.S.C. § 1300 et seq.,[1] enacted by Congress in 1936 and modeled after the Hague Rules with minor alterations not pertinent here. See generally G. Gilmore & C. Black, The Law of Admiralty § 3–24, at 142–44 (2d ed. 1975). Under § 4(5) of COGSA, 46 U.S.C. § 1304(5), a carrier's liability for loss or damage to cargo is limited to $500 unless a higher valuation of the goods is declared by the shipper and inserted in the bill of lading.[2] In the present action GE did not make such a declaration.

---

1. Congress' purpose in enacting COGSA was to counterbalance attempts by carriers, as drafters of bills of lading, to exonerate themselves from liability to shippers for lost and damaged cargo. A brief synopsis of the statute's legislative history is found in *Robert C. Herd & Co. v. Krawill Machinery Corp.*, 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959). *See also Encyclopedia Britannica, Inc. v. S.S. Hong Kong Producer*, 422 F.2d 7, 11–13 (2d Cir. 1969), *cert. denied*, 397 U.S. 964, 90 S.Ct. 998, 25 L.Ed.2d 255 (1970).

2. Section 4(5) of COGSA provides in relevant part:

(5) Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

Clause nine provides in part that live animals and deck cargo shall be carried subject to the Hague Rules as referred to in the Paramount Clause. Clause nine also refers to clause nineteen which provides in part that the carrier's liability for cargo shall be governed by the Hague Rules despite the fact that the cargo is transported on deck.

Since section 1(c) of COGSA, 46 U.S.C. § 1301(c), by its own terms makes COGSA inapplicable to deck cargo, the parties specifically contracted through the above clauses to apply the statute to this situation where it does not govern *ex proprio vigore. See General Motors Corp. v. Moore-McCormack Lines, Inc.,* 451 F.2d 24, 25 & n. 1 (2d Cir. 1971) (*per curiam* ) (where bill of lading provided for carriage of generators on deck, clause stipulating that COGSA applied to the shipment was effective as to deck cargo notwithstanding COGSA's inapplicability otherwise).

Big Lift contends that § 4(5) of COGSA, 46 U.S.C. § 1304(5), as incorporated into the contract by clause two of the bill of lading, limits its liability to $500 per package or customary freight unit since GE never inserted the value of the cargo in the bill of lading. GE counters that if COGSA applies to the contract, the provision limiting Big Lift's liability is inapplicable since Big Lift never offered GE a choice of freight rates whereby it could elect to pay a higher rate in exchange for Big Lift's assumption of greater liability. Arguing that a carrier cannot limit its liability unless the shipper is afforded a reasonable opportunity to declare a higher value and pay a correspondingly higher rate, *see New York, New Haven, and Hartford Railroad Co. v. Nothnagle,* 346 U.S. 128, 135, 73 S.Ct. 986, 97 L.Ed. 1500 (1953); *The Ansaldo San Giorgia I v. Rheinstrom Brothers Co.,* 294 U.S. 494, 497, 55 S.Ct. 483, 79 L.Ed. 1016 (1935); *Pan American World Airways, Inc. v. California Stevedore and Ballast Co.,* 559 F.2d 1173, 1176 (9th Cir. 1977); *Sommer Corp. v. Panama Canal Co.,* 475 F.2d 292, 298 (5th Cir. 1973), GE opposes Big Lift's motion.

The motion for partial summary judgment must be denied because GE was never afforded a fair opportunity to comply with § 4(5) of COGSA by declaring the actual value of the goods and inserting it in the bill of lading.

It must initially be noted that there is no clause in the bill of lading addressed to limitation of the carrier's liability. Clause nine simply states that deck cargo "shall be carried subject to the Hague Rules as referred to in Clause 2 hereof . . . ." Nowhere is the $500 limitation stated in any of the nineteen clauses in the bill of lading or elsewhere in the parties' contract. Additionally, there is no reference to section 4(5) of COGSA, the liability limitation section. Under the instant contract and bill of lading, a shipper must first determine, under the Paramount Clause, what statute has been enacted to parallel the Hague Rules in the country of shipment. After learning that it is COGSA, he must then review the statute to discover any carrier liability limitation sections and how to overcome them. These steps are necessitated by the absence of a simple statement in the bill of lading that the value of the cargo must be declared and inserted therein to avoid the $500 limitation.

The next infirmity in Big Lift's bill of lading is the absence of a designated spot for a shipper to insert the declared value of the goods. Indeed, there is absolutely no reference anywhere to the shipper's option to insert the greater value of the cargo in the bill of lading.

Aside from the above factors relating to the face of the bill of lading, GE has submitted sworn, uncontroverted affidavits executed on personal knowledge which state that at no time did Big Lift inform GE of either a limitation of Big Lift's liability or alternate rates affording an option on limitation of liability. Big Lift has failed to contravene these assertions despite the opportunity to do so in its reply papers.

In *Pan American World Airways, Inc. v. California Stevedore and Ballast Co., supra,* the court of appeals affirmed the district court's holding that the $500 package limitation of liability was invalid where the

shipper was not given a fair opportunity to declare the value of the cargo to be higher than $500. There the bill of lading, in addition to clearly stating in the Paramount Clause that it was subject to the provisions of COGSA, contained another clause entitled "Amount of Limitation." That limitation clause explicitly provided that the carrier's liability would not exceed $500 regardless of whether COGSA or the Hague Rules governed. No reference, however, was made to the shipper's obligation of inserting a valuation in the bill of lading to comply with section 4(5) of COGSA and thus avoid a limitation of liability by the carrier; additionally, the bill of lading contained no space for a value declaration of the cargo. Under these facts, the court found that the failure of the limitation clause to provide the shipper an opportunity to declare a higher value was so inconsistent with section 4(5) of COGSA as to render the limitation provision void. In so concluding the court rejected an argument posed here, *i. e.*, that an experienced shipper should be held to possess knowledge of an opportunity to obtain greater carrier liability for an alternate freight rate where a Paramount Clause in the bill of lading makes COGSA applicable to the contract.

The instant bill of lading has even more weaknesses than that used by the carrier in *Pan American, supra*. As previously noted, COGSA is not even specifically referred to in the Paramount Clause, and there is no limitation of liability clause anywhere. And, like the bill of lading in *Pan American*, there is no designated spot in the bill for a shipper's insertion of a valuation declaration. Under these circumstances Big Lift's invocation of section 4(5) of COGSA cannot stand. "The alternative of declaring a higher value and inserting it in the bill of lading and paying any extra freight charge if required . . . is meaningful only if the shipper is afforded a choice of rates and the opportunity to insert the higher value in the bill." *Wientex Trading Co. v. Flota Mercante Gran Centro Americana S.A.*, 75 Civ. 1458 at 4 (S.D.Fla. Dec. 12, 1977) (citation omitted).

Big Lift relies on *Petition of Isbrandtsen*, 201 F.2d 281 (2d Cir. 1953), to sustain its position and in particular to support the proposition that a shipper, in order to circumvent a limitation of liability provision, has the burden of proving he was denied the opportunity to declare a higher value of the goods. What Big Lift overlooks, however, is that the *Isbrandtsen* bill of lading, in addition to incorporating COGSA, contained another distinct limitation of liability clause. That clause succinctly stated that in case of loss or damage to goods exceeding $500 in value, the value would be deemed to be $500 per unit or package "unless the nature of the goods and a valuation higher than $500 shall have been declared in writing by the shipper . . . and inserted in this bill of lading and extra freight paid if required . . . ." 201 F.2d at 283–84 n.1. The Second Circuit noted that this express provision for avoiding the carrier's limitation of liability by declaring the value and paying a higher freight rate was "prima facie evidence of what it recites." 201 F.2d at 285, *citing Hart v. Pennsylvania Railroad Co.*, 112 U.S. 331, 337, 5 S.Ct. 151, 28 L.Ed. 717 (1884). It was within this context that the court upheld the carrier's limitation of liability.

In two other cases relied upon by defendant, *General Motors Corp. v. Moore-McCormack Lines, Inc., supra*, and *John Deere & Co. v. Mississippi Shipping Co.*, 170 F.Supp. 479 (E.D.La.1959), the carrier's liability limitation was also upheld. In both instances the bills of lading not only contained clauses expressly stating that COGSA governed the parties' relationship, but also contained separate clauses limiting the carrier's liability to $500 unless the shipper declared a higher value in writing and inserted it in the bill of lading. *General Motors Corp. v. Moore-McCormack Lines, Inc.*, 451 F.2d 25 & nn. 1 & 2; *John Deere & Co. v. Mississippi Shipping Co.*, 170 F.Supp. at 481 & n.4. In *John Deere* the bill further provided that the shipper had been offered a choice of freight rates that depended upon whether he opted to declare the value of the goods to be greater than $500. 170 F.Supp. at 481 n.4. A comparison of the bills in these two cases with the present one compels the conclusion that *General Motors* and *John Deere* are distinguishable on their facts.

Three additional cases relied upon by defendant are inapposite. In *Atlantic Mutual Insurance Co. v. Poseidon Schiffahrt, G.m. b.H.,* 313 F.2d 872 (7th Cir.), *cert. denied,* 375 U.S. 819, 84 S.Ct. 56, 11 L.Ed.2d 53 (1963), *Mitsubishi International Corp. v. S.S. Palmetto State,* 311 F.2d 382 (2d Cir. 1962), *cert. denied,* 373 U.S. 922, 83 S.Ct. 1523, 10 L.Ed.2d 422 (1963), and *Royal Typewriter Co. v. M/V Kulmerland,* 346 F.Supp. 1019 (S.D.N.Y.), *aff'd,* 483 F.2d 645 (2d Cir. 1972) the issue of whether the shipper had a fair opportunity to declare a value greater than $500 for the transported goods was not raised.

In accordance with the above, I find that under the circumstances of this case GE was not accorded a fair opportunity to declare the value of the goods to be greater than $500; Big Lift's attempt to limit its liability is therefore ineffective and its motion for partial summary judgment is denied. If Big Lift is ultimately found liable to GE, such liability will be limited to the actual value of the cargo less salvage, if any.

SO ORDERED.