**E.M.S. INDUSTRIE S.A. and Inter-Maritime & Fluvial S.A., Plaintiffs,**

v.

**POLSKIE TOWARZYSTWO OKRETOWE, Polish Ocean Lines and Brooklyn Steel Warehouse Co., Defendants.**

**No. 83 C 4279.**

United States District Court, E.D. New York.

May 9, 1985.

Waeshe, Sheinbaum & O'Regan, New York City (John R. Keough, III, New York City, of counsel), for plaintiffs.

Freehill, Hogan & Mahar, New York City (James L. Ross, New York City, of counsel), for Polskie Towarzystwo Okretowe, Polish Ocean Lines.

Gwertzman, Pfeffer, Toker & Lefkowitz, New York City (Milton B. Pfeffer, New York City, of counsel), for Brooklyn Steel Warehouse Co.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendants Polskie Towarzystwo Okretowe/Polish Ocean Lines (Polish Lines) moves pursuant to Federal Rule of Civil Procedure 56 for an order granting partial summary judgment limiting to $500 per package its liability for damages to certain goods. Jurisdiction over this admiralty case is based on 28 U.S.C. §§ 1333 and 1337. Plaintiffs and the other defendant, Brooklyn Steel Warehouse Co. (Brooklyn Steel), oppose the motion.

The complaint alleges that in New York plaintiffs delivered nine boxes of tire making machinery in good condition to the M/V General Stanislaw Poplawski, a vessel owned by Polish Lines, for carriage to France. During the voyage the machinery was damaged. Plaintiff E.M.S. Industrie S.A. (E.M.S.) had purchased it from McNeil Akron, the shipper named on Polish Lines' bill of lading. E.M.S. engaged plaintiff Inter-Maritime & Fluvial S.A. (Fluvial), a Paris freight forwarder, to arrange the shipment. Fluvial arranged with Inter-Maritime Forwarding (Inter-Maritime), a New York freight forwarder, to book the shipment with Polish Lines, which provided the bill of lading form later filled in by Inter-Maritime. Brooklyn Steel packaged the goods for shipment.

Plaintiffs seek $500,000 in damages. Polish Lines claims that its liability is limited by the United States Carriage of Goods by Sea Act (the Act), 46 U.S.C. § 1300 *et seq.*, to $500 per package, or a total of $4500.

Section 1304(5) of the Act provides in pertinent part:

> Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package ... unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.

The Act applies to bills of lading for shipment of goods by sea between the United States and foreign ports. Admittedly plaintiffs did not state the value of the goods in the bill of lading. They argue, however, that the statutory limitation should not apply since Polish Lines did not provide them a fair opportunity to avoid it.

a. *The Bill of Lading*

An express recitation in a bill of lading of the terms of section 1304(5) of the Act constitutes *prima facie* evidence that a fair opportunity to avoid the monetary limit

was afforded the shipper. *Petition of Isbrandtsen Company,* 201 F.2d 281, 285 (2d Cir.1953). The bill of lading here, however, reads in relevant part:

B. ADDITIONAL CLAUSES

1. SHIPMENTS FROM U.S.A.

If this bill of lading covers goods shipped from the United States the provisions of the Carriage of Goods by Sea Act of U.S.A. which became effective on July 15, 1936 shall be deemed to be incorporated herein.

Until recently the United States Court of Appeals for the Second Circuit had never addressed the question whether such an incorporation of the Act by reference in the bill of lading constitutes *prima facie* evidence of the requisite fair opportunity. The other federal circuits are in conflict. *Compare Komatsu, Ltd. v. States S.S. Co.,* 674 F.2d 806 (9th Cir.1982) with *Brown & Root, Inc. v. M/V Peisander,* 648 F.2d 415, 424 (5th Cir.1981).

On April 3, 1985 of this year the Court of Appeals for the Second Circuit decided *Binladen BSB Landscaping v. M.V. "Nedlloyd Rotterdam,"* 759 F.2d 1006 (2d Cir.1985). The chief issue discussed in the opinion was whether each container or each plant within a container constituted a "package" within the meaning of the Act. The plants were shipped to Saudi Arabia where they were to adorn the palace of the then crown prince. Unfortunately they met an untimely death on the voyage.

In that case the bill of lading contained a clause (practically identical for present purposes to the one at issue here) reciting "If this Bill of Lading covers the transportation of goods to or from ports of the United States of America, this Bill of Lading shall be subject to United States Carriage of Goods by Sea Act, which shall be incorporated herein...." The court said in a footnote, at 1017 n. 12, that it found no merit in the claims that the steamship company should be deprived of the Act's limited liability provision because of deficiencies in the bill of lading. The court then said:

In view of the incorporation of COGSA and the existence of a space on the front of the bill of lading providing an opportunity for the declaration of excess value, and even the inclusion of other, albeit invalid, liability limits, the shipper here cannot be heard to claim that it lacked notice of the prospect that its recovery per package would be limited. This case is quite different from *General Electric Co. v. M.V. Lady Sophie,* 458 F.Supp. 620, 622 (S.D.N.Y.1978), on which Binladen relies and in which the bill did not specifically refer to COGSA and did not provide a space for declaring the excess value of the goods shipped. Although it would certainly be helpful if Nedlloyd's bill of lading were more clearly laid out, we do not agree that any of the alleged infirmities stripped Nedlloyd of COGSA's $500 limit per package or customary freight unit.

The bill of lading to which the court referred contained a space with the following legend "Excess Valuation: Refer to Clause 7(1)b on reverse side of Bill of Lading." That clause referred not to the Act but to limits of liability under the so-called Hague Rules. The clause incorporating the Act was two columns of fine print away.

The court concludes that the significant factor in the holding of the Court of Appeals that the shipping company should have the benefit of the Act's limitation was the incorporation of the Act. The fact that there was a space marked "Excess Value" was hardly effective to draw attention to the Act since the legend did not refer to the Act but to a different set of rules.

■ Accordingly this court holds that as against plaintiffs the liability of Polish Lines is limited to $500 a package.

■ Polish Lines argues that the $500 per package limitation also applies to defendant Brooklyn Steel's cross-claim for contribution in the event the defendants are held jointly liable. Section 1304(5) of the Act states that neither the carrier nor the ship shall "in any event" become liable for any damage to goods for an amount exceeding $500. Brooklyn Steel admits

that McNeil Akron and not Polish Lines hired it to package the goods. Brooklyn Steel also concedes that it "had no dealings of any kind with the vessel, other than to cause the nine boxed machines to be delivered to the pier." To allow a claim for contribution in excess of $500 per package would frustrate the statutory scheme of liability. Brooklyn Steel may be concerned that it not pay damages out of proportion to its degree of fault. But a plaintiff's recovery should not be limited by the defendants' rights of contribution. *See In the Matter of Delphinus Martima,* 1982 A.M.C. 796, 810, 811 & n. 20 (S.D.N.Y.) and cases cited.

Polish Lines' motion is granted. So ordered.