**VALERINA FASHIONS, INC., Plaintiff,**

v.

**HELLMAN INTERNATIONAL FORWARDERS, INC. and Reliable Van & Storage Company, Inc., Defendants.**

No. 92 Civ. 8957(DAB).

United States District Court, S.D. New York.

Sept. 8, 1995.

Peter Kupersmith, New York City, for plaintiff.

Harry A. Gavalas, Timothy G. Hourican, Chalos & Brown, New York City, for defendants.

## MEMORANDUM ORDER

BATTS, District Judge.

This case is brought pursuant to the admiralty and maritime jurisdiction of this Court to recover for lost and damaged cargo shipped from Hong Kong to New York. Defendant Hellman International Forwarders, Inc. ("Hellman") moves for partial summary judgment on the issue of Plaintiff's damages pursuant to Fed.R.Civ.P. 56(c). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

### Background

Plaintiff Valerina Fashions, Inc. ("Valerina") is a wholesaler of women's sportswear, and in particular women's jeans, all of which are marketed and sold under its own "Seruchi" trade name and label in the United States. (Pl.'s Mem. of Law at 3.) In or about January 1990, Valerina made arrangements with Hellman to ship an order of jeans from Hong Kong to New York. (Pl.s Mem. of Law at 3.)

The shipment was scheduled to arrive sometime in May 1990 for sale and distribution to retail stores for the "back to school" and Fall 1990 seasons. (Pl.'s Mem. of Law at 3.) The jeans comprising this shipment— designated by style numbers 013, 1013, and 1007—were specifically manufactured for Valerina, and were characterized by their distinctive embroidery, pockets, and colors. Valerina was the only source of these jeans and did not market, sell, or distribute jeans under any other trade name. (Pl.'s Mem. of Law at 3.)

A survey of the shipment on September 7, 1990 disclosed that 8 of the 327 cartons shipped were missing and that virtually all of the remaining cartons were ripped open, with approximately one-third of their contents removed. The missing jeans covered all sizes, patterns, and styles. (Pl.'s Mem. of Law at 5.) Following an investigation, the jeans were released and delivered to Valerina in January 1991, after the "back-to-school" and Fall 1990 seasons had passed. (Pl.'s Mem. of Law at 5.) Valerina then marketed and sold these jeans over the course of 1991 at prices on the average markedly lower than those received for their stylistic counterparts in 1990. (Pl.'s Mem. of Law at 5.)

Valerina commenced this suit to recover damages in the amount of $198,000. Valerina includes in its calculation of damages the invoice value for the lost goods, lost profits on the lost goods, and lost profits as a result of the delay in delivery of the remaining merchandise. Without admitting liability, Hellman moves for an order granting partial summary judgment limiting Valerina's damages to the invoice value of the lost goods: $29,753.

### Discussion

Summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). As a general rule, all ambiguities and all inferences drawn from the underlying facts must be resolved in favor of the party contesting the motion, and all uncertainty as to the existence of a genuine issue for trial must be resolved against the moving party. *LaFond v. General Physics Services Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). "However, where the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." *Bay v. Times Mirror Magazines, Inc.*, 936 F.2d 112, 116 (2d Cir.1991). As is often stated, "[v]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir.1991); *see also Bay*, 936 F.2d at 116.

The outcome of the instant motion turns on a determination of the proper measure of damages. Defendant asserts that Valerina's damages are limited to the invoice

cost of the lost cargo. As a result, Defendant claims that no genuine issue of material fact concerning damages exists and, therefore, summary judgment is proper. Valerina, on the other hand, seeks to recover lost profits in addition to the invoice cost of the lost cargo. As a result, Valerina asserts that summary judgment cannot be entered because an issue of material fact exists with respect to damages.

The Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 1300 *et seq.*, governs the rights of the parties in the present litigation. With respect to the issue of damages, Section 1304(5) of COGSA provides that "[i]n no event shall the carrier be liable for more than the amount of damage actually sustained." In *Internatio, Inc. v. M.S. Taimyr*, 602 F.2d 49 (2d Cir.1979), the Second Circuit construed COGSA 1304(5) as being consistent "with the long-established principle of contract law stated by Mr. Justice Holmes in *Chicago, Milwaukee & St. Paul Railway v. McCaull-Dinsmore Co.*, 253 U.S. 97, 100, 40 S.Ct. 504, 504-05, 64 L.Ed. 801 (1920): 'The rule of the common law is . . . an embodiment of the plain fact that the actual loss caused by breach of a contract is the loss of what the contractee would have had if the contract had been performed. . . .'" 602 F.2d at 50.

In the context of COGSA, this translates into a measure of damages normally computed at "the difference between the fair market value of the goods at their destination in the condition in which they should have arrived and the fair market value of the goods in the condition in which they actually did arrive." *Texport Oil Co. v. M/V Amolyntos*, 11 F.3d 361, 365 (2d Cir.1993); *Pacol (Canada) Ltd. v. M/V Minerva*, 523 F.Supp. 579, 581 (S.D.N.Y.1981); *see also St. Johns NF Shipping Corp. v. S.A. Companhia Geral*, 263 U.S. 119, 125, 44 S.Ct. 30, 31, 68 L.Ed. 201 (1923).

"This is not a hard and fast rule. When circumstances suggest a more appropriate alternative, the fair market test may be superseded by another method of calculating damages." *Texport Oil*, 11 F.3d at 365; *see also Pacol*, 523 F.Supp. at 582. " 'The assessment of damages in particular situations has called for the development of lesser rules, the use of common sense and the creation of exceptions, all to the end that the shipper whose property has been affected be made whole.' " *Pacol*, 523 F.Supp. at 582 (quoting *Santiago v. Sea-Land Service, Inc.*, 366 F.Supp. 1309, 1314 (D.P.R.1973)).

Accordingly, courts award anticipated profits where the plaintiff satisfactorily shows that profits "[were] in fact lost and [were] not realizable by substitution of other goods." *Pacol*, 523 F.Supp. at 579; *see also Santiago*, 366 F.Supp. at 1314-16. The amount of the profits, however, need not be definitely and absolutely proved. *Goldenberg v. World Wide Shippers & Movers, Inc.*, 236 F.2d 198, 202 (7th Cir.1956) ("The breach of contract having prevented such profits from being made, conclusive proof is impossible. The injured party is permitted to introduce evidence tending to establish the damage and no greater degree of certainty of proof is required than for any other fact essential to be established in a civil action.") Only where the anticipated profits are so speculative as to be illusory should a court refuse to allow their recovery. *Id.*

In the instant case, in support of its claim for lost profits, Valerina offers invoices documenting sales of similar jeans during the same period in which the jeans shipped with Hellman would have been sold. Valerina asserts that these invoices suffice to prove that but for Hellman's breach, Valerina would have realized a greater profit on the sale of these jeans than it actually did had.

■ Hellman disagrees and claims that under COGSA Valerina cannot recover lost profits. Further, Hellman asserts that even if it were allowed to recover lost profits, Valerina's evidence is insufficient to establish the lost profits claimed. Defendant's arguments, however, are unavailing. As the preceding discussion has shown, if Plaintiff can offer sufficient evidence tending to prove its loss, lost profits are indeed recoverable. COGSA was not meant to abrogate common law contract remedies. Quite the contrary, in keeping with the common law, the primary object in awarding damages under COGSA is to indemnify the plaintiff for the loss sustained by reason of the carrier's fault. *Stan-*

*dard Commercial Tobacco Co., Inc. v. M/V Recife,* 827 F.Supp. 990, 1003 (S.D.N.Y.1993); *Armada Supply, Inc. v. S/T Agios Nikolas,* 613 F.Supp. 1459, 1470 n. 5 (S.D.N.Y.1985).

■ As for Hellman's assertion that Valerina has failed to provide sufficient evidence to maintain its case for lost profits, this Court does not agree. Under the law, in order to recover lost profits, Valerina must show that it in fact suffered lost profits and that it could not mitigate damages by substitution of comparable goods from the market. Valerina easily meets the second of these requirements since the jeans in question were not fungible products. Valerina was the only source of these jeans. Therefore, it could not go out into the market and purchase replacements because no other similar product existed.

As to whether lost profits were in fact suffered, Valerina has provided sufficient evidence to support a verdict in its favor with respect to Styles 013 and 1013, two of the three styles of jeans contained in the shipment. The invoices produced by Valerina document sales of jeans stylistically equivalent to the lost and damaged jeans during the relevant time period—namely, the "back-to-school" and Fall 1990 seasons. A comparison of these sales figures with those for the period in which the two styles of jeans in question were actually sold—January to June 1991—clearly shows that Valerina realized decreased profits. The invoices, therefore, provide strong evidence tending to show that Valerina would have been able to realize a greater profit on these jeans had they not been stolen or delayed. Viewing this evidence in the light most favorable to Valerina, this Court finds that Valerina's evidence would suffice to support a finding in its favor, and thus, that a genuine issue of material fact exists concerning Valerina's claim for damages. Accordingly, Hellman's motion is denied with respect to Styles 013 and 1013.

Hellman's assertion that the only type of evidence competent to prove lost profits is a contract for the resale of the jeans is without merit. As illustrated by *Goldberg,* Valerina need only proffer proof tending to show its loss. 236 F.2d at 202. In the instant case, Valerina has provided evidence which, absent actual sales of the lost and damaged jeans, demonstrates the impact of Hellman's breach on Valerina's realized profits.

■ With respect to the third style of jeans that was part of the shipment—Style 1007—the Court agrees with Hellman that Valerina cannot recover lost profits because Valerina cannot carry its burden of production. This style of jeans had never been marketed or sold by Valerina prior to this shipment. As a result, Valerina can provide no sales figures to support a claim for lost profits. Valerina's attempt to use the figures from the sales of other jeans to estimate its lost profits on these jeans is too speculative. Furthermore, such an estimate is inconsistent with the premise that enables Valerina to make a claim for lost profits in the first place: that these jeans are unique and cannot be replaced with similar products from the market.

### Conclusion

Based on the foregoing discussion, Defendant Hellman's motion must be denied, in part, because a genuine issue of material fact exists concerning Valerina's claim of damages for two of the three styles of jeans shipped.

With respect to the third style of jeans, the Court finds that Valerina's claim of lost profits is too speculative and is therefore barred. Accordingly, Defendant's motion for summary judgment limiting Plaintiff's damages to the invoice value is granted, with respect to the jeans denominated as Style 1007 only.

SO ORDERED.